Platzer, Swergold, Levine,
  Goldberg, Katz & Jaslow, LLP
*Proposed Counsel for the Debtor*
475 Park Avenue South, 18th Floor
New York, New York 10016
Tel.: (212) 593-3000
Scott K. Levine
Clifford A. Katz
Teresa Sadutto-Carley

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:                                                    Chapter 11

GARDEN OF EDEN ENTERPRISES, INC.          Case No. 16-12488 (JLG)
d/b/a GARDEN OF EDEN, *et al.*,

                                                          (Jointly Administered)

                              Debtors.

--------------------------------------------------------x

### AFFIDAVIT OF CLIFFORD A. KATZ, PURSUANT TO 11 U.S.C. § 327 AND BANKRUPTCY RULE 2014, IN SUPPORT OF RETENTION OF PLATZER, SWERGOLD, LEVINE, GOLDBERG, KATZ & JASLOW, LLP AS COUNSEL FOR THE DEBTORS

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK   )

Clifford A. Katz, being duly sworn, deposes and says:

1.      I am an attorney at law admitted to practice in this Court and a member of the law

firm of Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP ("**Platzer**").

2.      Deponent's firm maintains its offices at 475 Park Avenue South, 18th Floor, New

York, New York 10016.

3.      Neither I nor my firm nor any member or associate thereof holds any interest

adverse to the Garden of Eden Enterprises, Inc. ("**GEE**") and its affiliates Broadway Specialty

Food, Inc. ("**BSF**"), Coskun Brothers Specialty Food, Inc. ("**CBSF**"), and Garden of Eden

Gourmet Inc. ("**GEG**"), as debtors and debtors in possession in the above-captioned Chapter 11

cases (collectively, the "**Debtors**"), nor represents professionally, or is associated with the Debtors' creditors, or any other party-in-interest, with regard to these proceedings.  Neither I nor my firm or any member or associate thereof is associated with the Debtors.  Deponent and this firm are a "disinterested person" as such term is defined by § 101(14) of the Bankruptcy Code.

4.      Platzer does not represent any interest adverse to that of the Debtors herein with regard to the matters upon which it is to be engaged and I know of no reason why my firm cannot act as counsel for the Debtors.

5.      Platzer does not represent any person or entity other than the Debtors in connection with these cases.  Platzer has reviewed the creditor matrix for each Debtor and has represented creditor, ADP, Inc. and Banc of America Leasing & Capital, LLC, a subsidiary of Bank of America, National Association, in the past in discrete collection matters.  These matters are unrelated to the Debtors or their Chapter 11 proceedings.  The collective representation of these creditors represented less than 0.01% of the Platzer Firm's gross annual revenue.

6.      Other than as disclosed above and to the best of my knowledge, neither I nor any member or associate of Platzer represents professionally or is associated with the Debtors, their officers, directors, secured creditors, any of its unsecured creditors, the United States Trustee or any person employed by the Office of the United States Trustee.

7.      Should Platzer's employment by the Debtor be approved, Platzer will perform the following legal services on behalf of the Debtor:

8.      Assist and advise the Debtors regarding the administration of these cases;

9.      Represent the Debtors before the Court and advise the Debtors of pending litigation, hearings, motions, and of the decisions of the Court;

    a.   Assist and analyze all applications, orders and motions filed with the Court by third

parties in these cases and advise the Debtors;

b.  Attend all hearings conducted pursuant to § 341(a) of the Bankruptcy Code and represent the Debtors at all examinations;

c.  Communicate with creditors;

d.  Assist the Debtors in preparing applications and orders in support of positions taken by the Debtor, as well as prepare witnesses and review documents in this regard;

e.  Confer with any accountants and consultants retained by the Debtors and/or any other party-in-interest;

f.  Assist the Debtors in its negotiations with creditors or third parties concerning the terms of any proposed plan(s) of reorganization;

g.  Prepare and draft plan(s) of reorganization and disclosure statement(s); and

h.  Assist the Debtor in performing such other services as may be in the interest of the Debtors and perform all other services required by the Debtors.

10.  Platzer's current hourly rates, which are subject to annual increases, are as follows:

| | |
|---|---|
| Partners | $575.00 to $635.00 per hour |
| Associates | $275.00 to $575.00 per hour |
| Paralegals | $195.00 per hour. |

11.  Platzer also routinely charges its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone, facsimile, toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses in a manner and at rates consistent with charges generally to Platzer's other clients.

12.     Prior to the filing of the Debtors' bankruptcy cases, the Debtors provided Platzer

the sum of $70,000.00 (the "**Retainer**") which was applied on account of contemporaneous

services performed for the Debtors regarding their financial difficulties, various legal problems,

litigation, loans, and the preparation of the Chapter 11 documents, as well as the preparation of

necessary first day orders in the total sum of $60,693.00 and the Chapter 11 filing fees in the sum

of $6,868.00, leaving a retainer balance in the sum of $2,439.00.

13.     Platzer has not shared or agreed to share any compensation with any person other

than a member of the firm, and it has not agreed to share in compensation received by another

entity from the Debtor.

14.     No agreement prohibited by 11 U.S.C. § 504, former Bankruptcy Rule 219(2) or

Bankruptcy Rule 2016 has been made in connection with this reorganization proceeding.

15.     Platzer reserves the right to make interim and/or final applications to this Court for

such additional compensation as may be proper and warranted.

16.     Platzer seeks *nunc pro tunc* retention as of August 29, 2016, as Platzer has been

performing necessary services for the Debtors since that date.

　　　　　　　　　　　　　　　　　　　　  _/s/ Clifford A. Katz_____
　　　　　　　　　　　　　　　　　　　　  CLIFFORD A. KATZ

Sworn to before me this
16th day of September, 2016


 _/s/ Teresa Sadutto-Carley_____
*Not*ary Public, State of New York
No. 02SA6204737
Qualified in New York County
Commission Expires April 20, 2017

4