UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

GARDEN OF EDEN ENTERPRISES, INC.
d/b/a GARDEN OF EDEN, *et al.*,

                         Debtors.
-----------------------------------------------------------x

Chapter 11

Case No. 16-12488 (JLG)

(Jointly Administered)

**SIXTH INTERIM ORDER: (I) AUTHORIZING THE USE OF CASH
COLLATERAL, (II) GRANTING ADEQUATE PROTECTION; AND
(III) SCHEDULING A FINAL HEARING ON THE MOTION**

This matter having come before the Court on the motion (the "**Motion**")[1] of Garden of Eden Enterprises, Inc. d/b/a Garden of Eden ("**GEE**") and its affiliates, Broadway Specialty Food, Inc. d/b/a Garden of Eden ("**BSF**"), Coskun Brothers Specialty Food, Inc. d/b/a Garden of Eden ("**CBSF**"), and Garden of Eden Gourmet Inc. d/b/a Garden of Eden ("**GEG**"), the debtors and debtors in possession herein (collectively, the "**Debtors**"), for the entry of an Interim Order and Final Order: (1) Authorizing Use of Cash Collateral *nunc pro tunc* and Providing Adequate Protection pursuant to 11 U.S.C. §§ 361 and 363; authorizing the Debtors to use Cash Collateral, as defined in the Motion, in which creditors with claims under the Perishable Agricultural Commodities Act of 1930 ("**PACA Creditors**"), Noah Bank and American Express Bank, FSB ("**Amex**") have, or may have, an interest;

NOW, upon all pleadings and proceedings had in this matter to date, and good cause appearing therefor, it is hereby found as follows:

---

[1] All capitalized terms used, but otherwise not defined herein, shall have the meanings set forth in the Motion.

9257334v2

A.  On August 29, 2016 (the "**Petition Date**"), the Debtors each commenced these cases by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are, without limitation, §§ 105, 361, and 363 of the Bankruptcy Code and Rules 4001(b), 2002, and 9013 of the Bankruptcy Rules. Venue of these Chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. No trustee, or examiner, has been appointed in these Chapter 11 cases.

C.  Due and appropriate notice of this Hearing and the relief requested in the Motion has been given. Under the circumstances, such notice of this Hearing and the relief requested in the Motion constitutes adequate and sufficient notice under, without limitation, §§ 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001, and no other notice need be given.

D.  The Debtors have requested authorization to use Cash Collateral to pay for expenses incurred by them in the ordinary course of business and in connection with these Chapter 11 cases, as further described in the Motion. The Debtors' ability to finance their business operations pending entry of a Final Order is essential to their ability to preserve the value of their assets. Without the ability to use Cash Collateral pending the Final Hearing, the Debtors and their estates will suffer immediate and irreparable harm.

E.  This Court concludes that entry of this Sixth Interim Order is in the best interests of the Debtors' estates and creditors as its implementation will, among other things, provide the

Debtors with the necessary liquidity to sustain the operation of their businesses pending the Final Hearing. If the Debtors are not able to continue to use Cash Collateral as provided herein, they will be unable to fund operating expenses and expenses in connection with these Chapter 11 cases that are necessary to maintain the value of the Debtors' estates and to enable the Debtors to maximize recoveries for all parties in interest.

F.  On September 2, 2016, this Court entered an Interim Order Authorizing the Debtor's Use of Cash Collateral [Docket #20] (the "**First Interim Order**").

G.  On September 29, 2016, this Court entered a Second Interim Order Authorizing the Debtor's Use of Cash Collateral [Docket #36] (the "**Second Interim Order**" and with the First Interim Order the "**Interim Orders**").

H.  On November 30, 2016, this Court entered a Third Interim Order Authorizing the Debtor's Use of Cash Collateral [Docket #64] (the "**Third Interim Order**" and with the First and Second Interim Orders the "**Interim Orders**").

I.  On January 19, 2017, this Court entered a Fourth Interim Order Authorizing the Debtor's Use of Cash Collateral [Docket #81] (the "**Fourth Interim Order**" and with the First, Second and Third Interim Orders the "**Interim Orders**").

J.  On May 15, 2017, this Court entered a Fifth Interim Order Authorizing the Debtor's Use of Cash Collateral [Docket #81] (the "**Fifth Interim Order**" and with the First, Second and Third and Fourth Interim Orders the "**Interim Orders**").

Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.  Except as may be specifically modified herein, the Debtors are authorized to use Cash Collateral, make certain payments, and grant adequate protection to PACA Creditors, Noah

Bank and Amex *nunc pro tunc* as of the Petition Date upon the terms and conditions set forth in the Interim Orders which are incorporated herein as if fully set forth herein at length and extended through the Sixth Interim Cash Collateral period as defined in Paragraph 2 below.

2. Unless there is a default in the Sixth Interim Order, the Debtors are authorized to continue to use Cash Collateral through **October 4, 2017** or until such later time as the Court may permit (the "**Sixth Interim Cash Collateral Period**"), subject to the terms and conditions set forth in this Sixth Interim Order.

3. The Debtors may use Cash Collateral to pay the expenses incurred by the Debtors in the ordinary course of their businesses and in connection with these Chapter 11 cases, as provided in the Sixth Interim Budget attached hereto as Exhibit "A," subject, however, to a per line item variance of 10%.

4. Paragraph "10" of the First Interim Order is hereby modified such that allowed fees and expenses of counsel for the Official Committee of Unsecured Creditors shall be included in the Carve Out as defined in the First Interim Order.

5. Notwithstanding anything to the contrary contained in this Sixth Interim Order, the Adequate Protection payments, Replacement Lien(s) and Super priority Claims granted herein are further limited to the extent, validity and priority of the Secured Creditors' pre-prepetition interests. Further, nothing in this Order or the prior Interim Orders shall be construed as a finding by the Court as to the extent, priority, or validity of any pre-petition liens or that assets which may be subject to the PACA Creditors' claims are assets of the Debtors' estates or not assets of the Debtors' estates as the case may be under sections 541 or 542 of the Bankruptcy Code as applicable and all parties reserve their respective rights with respect to those issues.

6. The Debtors are authorized and directed to perform all acts and to make, execute, and deliver any and all documents as may be necessary to implement and effectuate the terms and conditions of this Sixth Interim Order and the transaction described herein.

7. The provisions of this Sixth Interim Order will be binding upon and inure to the benefit of the PACA Creditors, Noah Bank, Amex, the Debtors, and their respective successors and assigns, including, but not limited to, any trustee hereinafter appointed as a representative of the Debtors' estates.

8. Nothing herein shall prejudice the rights of any party in interest to challenge the extent, validity, enforceability, priority, or amount of any claim held by a PACA Creditor, Noah Bank, or Amex against the Debtors, or any security interest or trust interest in and lien upon any Pre-Petition Collateral or to challenge said extent, validity or priority of any Secured Creditors interest in accordance with § 506 of the Bankruptcy Code or any other applicable law.

9. A final hearing approving the Debtor's use of Cash Collateral shall be held before the Court on **October 4, 2017, at 10:00a.m.** (the "**Final Hearing**") at which the Debtors will seek the entry of the Final Order. The Final Order shall be substantially in the form of this Interim Order, except that the Debtors will be authorized to use Cash Collateral in accordance with a final budget. Any objections to the entry of a Final Order shall be in writing, conform to the Bankruptcy Rules and the Local Rules, and be filed with the Court electronically by registered users of the Court's case filing system (with ~~a hard copy~~ **two hard copies, single-sided, [JLG]** delivered directly to the chambers of the Honorable James L. Garrity, Jr. ), and shall be served upon proposed counsel to the Debtors, counsel for Noah Bank and counsel for Amex, in order that they are received in hand by no later than **4:00 p.m. on September 27, 2017**.

10. Within two business day of the entry of this Interim Order, the Debtors shall serve by regular first-class mail, postage pre-paid, a copy of this Sixth Interim Order, which shall constitute adequate notice of the Final Hearing, together with the Motion, on: (a) PACA Creditors or their counsel, if any; (b) counsel for Noah Bank, Robert J. Basil, Esq. 1270 Broadway, Suite 305, New York New York 10001, robertjbasil@rjbasil.com; (c) American Express by counsel, Arnall Golden Gregory LLP, attn.: Darryl S. Laddin, Esq., 171 17th Street NW, Suite 2100, Atlanta, GA 30363, dladdin@agg.com; (d) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, New York, NY 10014; (e) the Official Committee of Unsecured Creditors; and (g) all persons who have filed a request for notice and service of papers in this case.

Dated: New York, New York
       September 7, 2017

/s/ *James L. Garrity, Jr.*
United States Bankruptcy Judge