**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
Jeffrey R. Gleit, Esq.
Allison H. Weiss, Esq.

<u>Presentment Date</u>:  March 2, 2018 at 12:00 p.m. (ET)
<u>Objections Due</u>:  February 27, 2018 at 4:00 p.m. (ET)
<u>Hearing Date</u>:  None, unless objections are filed

*Counsel to the Statutory Committee of Unsecured Creditors*
*of Garden of Eden Enterprises, Inc. d/b/a Garden of Eden, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GARDEN OF EDEN ) | |
| ENTERPRISES, INC. ) | |
| D/B/A GARDEN OF EDEN, *et al.* ) | Case No. 16-12488 (JLG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**NOTICE OF PRESENTMENT OF**
**CONSENTED TO APPLICATION FOR AN ORDER AUTHORIZING**
**THE SERVICE OF AND DIRECTING THE DEBTORS' COMPLIANCE**
**WITH THE COMMITTEE'S FIRST REQUEST FOR THE PRODUCTION**
**OF DOCUMENTS OF THE DEBTORS PURSUANT TO BANKRUPTCY RULE 2004**

PLEASE TAKE NOTICE that the Statutory Committee of Unsecured Creditors (the "<u>Committee</u>"), by and through its undersigned counsel, files the annexed application ("the "<u>Application</u>"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and with the consent of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), for an order authorizing service of and directing the Debtors' compliance with *The Committee's First Request For Production of Documents of the Debtors*, in the form attached thereto as Exhibit "A" (the "<u>Document Requests</u>").

PLEASE TAKE FURTHER NOTICE that the Application will be presented to the Honorable James L. Garrity Jr., United States Bankruptcy Judge, in Chambers, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on March 2, 2018 at 12:00 p.m. (the "Presentment Date").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief sought in the Application must be (i) electronically filed with the Bankruptcy Court; (ii) delivered to the Chambers of the Honorable James L. Garrity Jr.; and (iii) served upon (a) counsel to the Committee, Sullivan & Worcester LLP, 1633 Broadway, New York, New York 10019, Attn: Jeffrey R. Gleit, Esq. and Allison H. Weiss, Esq., (b) counsel to the Debtors, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue, South, 18th Floor, New York, NY 10016, Attn: Clifford A. Katz, Esq. and Teresa Sadutto-Carley, Esq., and (c) the Office of the United States Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Serene K. Nakano, Esq., so as to be filed and received no later than February 27, 2018 at 4:00 p.m. (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served, the Committee may, on or after the Objection Deadline, submit the Order to the Court substantially in the form attached to the Application at Exhibit "B", which Order may be entered with no further notice or opportunity to be heard offered to any party.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: February 16, 2018
      New York, New York

                                          /s/ *Jeffrey R. Gleit*
                                          SULLIVAN & WORCESTER LLP
                                          Jeffrey R. Gleit
                                          Allison H. Weiss
                                          1633 Broadway
                                          New York, New York 10019
                                          (212) 660-3000 (Telephone)
                                          (212) 660-3001 (Facsimile)
                                          jgleit@sandw.com
                                          aweiss@sandw.com

                                          *Counsel to the Statutory Committee of Unsecured Creditors of Garden of Eden Enterprises, Inc. d/b/a Garden of Eden, et al.*

**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
Jeffrey R. Gleit, Esq.
Allison H. Weiss, Esq.

<u>Presentment Date</u>:  March 2, 2018 at 12:00 p.m. (ET)
<u>Objections Due</u>:  February 27, 2018 at 4:00 p.m. (ET)
<u>Hearing Date</u>:  None, unless objections are filed

*Counsel to the Statutory Committee of Unsecured Creditors*
*of Garden of Eden Enterprises, Inc. d/b/a Garden of Eden, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GARDEN OF EDEN ) | |
| ENTERPRISES, INC. ) | |
| D/B/A GARDEN OF EDEN, *et al.* ) | Case No. 16-12488 (JLG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**CONSENTED TO APPLICATION FOR AN ORDER AUTHORIZING**
**THE SERVICE OF AND DIRECTING THE DEBTORS' COMPLIANCE**
**WITH THE COMMITTEE'S FIRST REQUEST FOR THE PRODUCTION**
<u>**OF DOCUMENTS OF THE DEBTORS PURSUANT TO BANKRUPTCY RULE 2004**</u>

The Statutory Committee of Unsecured Creditors (the "<u>Committee</u>"), by and through its undersigned counsel, hereby respectfully submits this Application (the "<u>Application</u>"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and with the explicit consent of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), for an order authorizing service of and directing the Debtors' compliance with *The Committee's First Request For Production of Documents of the Debtors*, in the form attached hereto as Exhibit "A" (the "<u>Document Requests</u>").

In support of this Application, the Committee respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 issued by District Court Judge Robert Ward.

2. This Application presents a core matter under 28 U.S.C. § 157(b)(1), (b)(2)(A), and (b)(2)(O).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules.

**Background**

5. On August 29, 2016 (the "Petition Date"), the Debtors each commenced a voluntary case with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue operating their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. On September 15, 2016, the Office of the United States Trustee filed its Appointment of Official Committee of Unsecured Creditors forming the three (3) member Committee in these chapter 11 cases.

6. The Debtors are corporations organized and existing under the laws of the State of New York. Debtor Garden of Eden Enterprises, Inc. ("GEE") is the parent operating company of the other three Debtors, and maintains its place of business at 720 Anderson Avenue, Cliffside Park, New Jersey 07010.

- 2 -

**Relief Requested**

7. By this Application, the Committee seeks authorization, pursuant to Rule 2004 of the Bankruptcy Rules, to obtain documents from the Debtors in order to investigate certain acts, conduct, assets, liabilities and financial condition of the Debtors, their management and owners, any other matters relevant to these bankruptcy cases.

8. Specifically, the Committee seeks to investigate (i) whether any money was diverted from the Debtors' estates by way of intentional or constructive fraud in the six (6) years prior to the Petition Date, (ii) whether any preferential or fraudulent transfers were made by the Debtors to any and all entities or individuals, including insiders, in the two (2) years prior to the Petition Date, and (iii) whether any money was improperly diverted from the Debtors' estates post-Petition Date.

9. While the Committee is continuing to work with the Debtors and their secured creditors on a consensual chapter 11 plan of reorganization, the lack of progress to date necessitates the filing of this Motion. While the Committee still believes a chapter 11 plan is feasible in these cases, it believes the investigation requested herein is necessary for the Committee to determine whether it will need to initiate any adversary proceedings (avoidance actions or otherwise) some of which have statutes of limitations that will expire this summer, and for it to satisfy its fiduciary obligations to all of the Debtors' unsecured creditors.

**Legal Authority**

10. The requested relief is authorized by Bankruptcy Rule 2004. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides for a mechanism for obtaining information relating to ". . . acts, conduct, or property or to the liabilities and financial

condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Rule 2004(c) provides that a court may compel the attendance of an entity for examination and for the production of documents. *See* Fed. R. Bankr. P. 2004(c).

11.     The purpose of discovery pursuant to Bankruptcy Rule 2004 is to "show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991), *quoting Cameron v. United States*, 231 U.S. 710, 717 (1914). Rule 2004 discovery is appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

12.     Rule 2004 discovery is a tool that can be used as a pre-litigation device to determine whether there are grounds to bring an action. *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005).

13.     The scope of an inquiry permitted under Bankruptcy Rule 2004(a) is broad. *See*, *e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("Starting with the 1978 Code there has been an expansive reading of the rule. . . . It can be legitimately compared to a fishing expedition. It can net the dolphins as well as the tuna; however, the net, in the discretion of the Court, can be carefully stitched to limit its catch."), *citing In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991). The scope is broad in order to "assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *Drexel Burnham*, 123 B.R. at 708-709.

14.     Bankruptcy Rule 2004 requires courts to "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *Drexel*

- 4 -

*Burnham*, 123 B.R. at 712.

15. Here, the proposed discovery is well within the contemplated scope of Bankruptcy Rule 2004, and is expected to yield information relevant to the Committee's assessment of potential claims. The investigation of these claims is necessary as a result of the inability of the parties to reach agreement on a chapter 11 plan in a timely manner. Thus, the proposed discovery is necessary in order for the Committee to satisfy its fiduciary duty owed to all unsecured creditors and to preserve certain causes of action prior to the expiration of certain statutes of limitations this summer.

16. Further, the Debtors have reviewed this Application and have indicated that they consent to and are willing to comply with the relief requested herein.

**Notice**

17. The Committee will provide notice of this Application (a) upon all registered ECF users through the Court's CM/ECF system, and (b) by first-class United States mail, postage prepaid, on the following parties: (i) counsel to the Debtors, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue, South, 18th Floor, New York, NY 10016, Attn: Clifford A. Katz, Esq., ckatz@platzerlaw.com, and Teresa Sadutto-Carley, Esq., tsadutto@platzerlaw.com, (ii) the Debtors, Garden of Eden Enterprises, Inc., *et al.*, 720 Anderson Avenue, Cliffside Park, NJ 07010, (iii) the Office of the United States Trustee, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Serene K. Nakano, Esq., serene.nakano@usdoj.gov and (iv) all parties who have filed a notice of appearance and request for service of documents. The Committee submits that no other or further notice need be provided.

**Conclusion**

18. No prior request for the relief requested in this Application has been made to this

Court or any other court.

WHEREFORE, the Committee respectfully requests that (i) pursuant to Bankruptcy Rule 2004, this Court enter an order, in the form annexed hereto as Exhibit "B," authorizing the Committee's service of and directing the Debtors' compliance with the Document Requests, in the form attached hereto as Exhibit "A", and (ii) that this Court grant such other and further relief as this Court deems just and proper.

Dated: February 16, 2018
      New York, New York

Respectfully Submitted,

/s/ *Jeffrey R. Gleit*_____
SULLIVAN & WORCESTER LLP
Jeffrey R. Gleit
Allison H. Weiss
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
jgleit@sandw.com
aweiss@sandw.com

*Counsel to the Statutory Committee of Unsecured Creditors of Garden of Eden Enterprises, Inc. d/b/a Garden of Eden, et al.*

# **Exhibit A**

**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
Jeffrey R. Gleit
Allison H. Weiss

*Counsel to the Statutory Committee of Unsecured Creditors*
*of Garden of Eden Enterprises, Inc. d/b/a Garden of Eden, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| GARDEN OF EDEN | ) |
| ENTERPRISES, INC. | ) |
| D/B/A GARDEN OF EDEN, *et al.* | ) Case No. 16-12488 (JLG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**THE COMMITTEE'S FIRST REQUEST FOR**
**THE PRODUCTION OF DOCUMENTS OF THE DEBTORS**

Pursuant to Fed. R. Bankr. P. 2004, the Statutory Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, propounds the following First Requests for the Production of Documents (collectively, the "Requests") on the above-captioned debtors and debtors in possession (the "Debtors"). The Committee requests that you respond within thirty (30) days and in writing to the following Requests, and produce the requested documents for inspection and copying at the law offices of Sullivan & Worcester LLP, 1633 Broadway, New York, New York 10019, Attention: Jeffrey R. Gleit, Esq.

**Definitions**

The following terms shall have the meaning indicated, unless otherwise stated:

1. The term the "**Debtors**" shall mean, collectively, Garden of Eden Enterprises, Inc. d/b/a/ Garden of Eden ("GEE"), Broadway Specialty Food, Inc. ("BSF"), Coskun Brothers Specialty Food, Inc. ("CBSF"), and Garden of Eden Gourmet Inc. ("GEG"), the debtors and debtors in possession in the above-styled action, and any person or entity acting on their or an affiliate's behalf, and any of their or an affiliate's representatives, agents, successors, and assigns.

2. The term "**you**" or "**your**" refers to the Debtors and any person or entity acting on their behalf.

3. The "**Petition Date**" shall mean August 29, 2016.

4. "**Coskun**" shall mean Mustafa Coskun, Chief Executive Officer of the Debtors.

5. The singular shall include the plural and vice versa; the terms "**and**" and "**or**" shall each be both conjunctive and disjunctive; and the term "**including**" shall mean "**including without limitation**."

6. The terms "**document**" and "**documents**" shall mean any and all things on or in which words, pictures, or other information is temporarily or permanently stored or contained, including but not limited to correspondence, e-mails, fax coversheets, letters, notes, minutes, telegrams, memoranda or notations of telephone conversations, conferences or meetings, reports, files, diaries, photographs, invoices, bills, sketches, calculations, test results, computer printouts, tables, graphs, charts, schedules, voicemails, recordings, electronically stored data, and any drafts or copies of any of the foregoing.  A draft or non-identical copy is a separate document within the meaning of this term.

7. The term "**person**" shall mean any individual, proprietorship, trust, partnership, corporation, association, organization or other entity.

8. The term "**communication**" shall mean the transmittal of information (in the form of facts, ideas, inquiries, opinions and otherwise) including but not limited to any oral, written, or electronic transmission. The term "**communication**" shall include all internal transmissions among individuals employed by or representing the Debtors and any of their affiliates, including but not limited to subsidiaries and parents, and any person or entity acting on their or an affiliate's behalf, and any of their or an affiliate's representatives, agents, successors, and assigns.

9. The terms "**concerning**" or "**relating to**" or "**reflecting**" shall mean relating to, referring to, reflecting, containing, concerning, describing, embodying, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, or contradicting.

## Instructions

Documents are to be produced as they are maintained in the ordinary course. When producing the documents, please keep all documents segregated by the file in which the documents are contained, indicate the name of the file in which the documents are contained and indicate the name of the documents being produced. Electronic documents should be produced in native format, with all metadata intact and accessible. Unless otherwise indicated, the relevant time period for each Request is the period beginning six years prior to the Petition Date (*i.e,* **August 29, 2010**) through the present date.

If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date,

number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

### Requests for Production

1. All documents concerning or relating to any payments, loans, gifts or transfers made by any of the Debtors to, on behalf of, or for the benefit of, Coskun, or any member of Coskun's family, including Coskun's brother, Celal Coskun.

2. All documents concerning or relating to any payments, loans, gifts or transfers made by any of the Debtors to, on behalf of, or for the benefit of, any current or former officers or directors.

3. All documents concerning or relating to any intercompany payments, loans, gifts or transfers made by any of the Debtors to, on behalf of, or for the benefit of, any other of the Debtors.

4. All documents concerning or relating to any payments, loans, gifts or transfers (other than those made in the ordinary course of the Debtors' businesses) by any of the Debtors to, on behalf of, or for the benefit of, any other entity or individual from two years prior to the Petition Date (*i.e.*, August 29, 2014) through the present date of these Requests.

5. All documents concerning or relating to any payments, loans, gifts or transfers made by Coskun, any member of Coskun's family, including Coskun's brother, Celal Coskun, or any current or former officers or directors of the Debtors, to, on behalf of, or for the benefit of, any of the Debtors.

6. All documents concerning or relating to the use of any of the Debtors' funds to fund non Debtor businesses owned or controlled by Coskun or Celal Coskun.

7. All documents concerning or relating to the use of any of the Debtors' funds to fund the personal expenses of Coskun or Celal Coskun.

8. Access to review and copy as necessary all documents concerning or relating to any of the Debtors' bank accounts, including account statements, deposit slips, withdrawal/transfer receipts and correspondence.

9. To the extent not already covered by Requests 1-8 above, all documents concerning or relating to any post-Petition Date payments, loans, gifts or transfers made by any of the Debtors to, on behalf of, or for the benefit of, Coskun, any member of Coskun's family (including Coskun's brother, Celal Coskun), any current or former officers or directors of the Debtors, or any other entity or individual, from the Petition Date through the present date of these Requests.

Dated: February __, 2018
      New York, New York

Respectfully Submitted,

/s/_____
SULLIVAN & WORCESTER LLP
Jeffrey R. Gleit
Allison H. Weiss
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)
jgleit@sandw.com
aweiss@sandw.com

*Counsel to the Statutory Committee of Unsecured Creditors of Garden of Eden Enterprises, Inc. d/b/a Garden of Eden, et al.*

- 5 -

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that The Committee's First Request for Production of Documents from the Debtors was sent on this date by email and first class mail, postage prepaid, to:

> Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP
> Counsel for the Debtors
> 475 Park Avenue South, 18th Floor
> New York, New York 10016
> Attn: Clifford A. Katz, Teresa Sadutto-Carley

February __, 2018          _____
                                                                                           [_____]

# **Exhibit B**

16-12488-jlg    Doc 219    Filed 02/21/18    Entered 02/21/18 10:34:58    Main Document
Pg 17 of 19

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GARDEN OF EDEN ) | |
| ENTERPRISES, INC. ) | |
| D/B/A GARDEN OF EDEN, *et al.* ) | Case No. 16-12488 (JLG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**ORDER AUTHORIZING THE SERVICE OF AND DIRECTING
THE DEBTORS' COMPLIANCE WITH THE COMMITTEE'S
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
OF THE DEBTORS PURSUANT TO BANKRUPTCY RULE 2004**

The Statutory Committee of Unsecured Creditors (the "Committee"), having filed an application (the "Application") [Docket No. __] pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004, for an order authorizing the service of and directing the Debtors' compliance with that certain First Request for the Production of Documents of the Debtors, in the form attached to the Application as Exhibit "A" (the "Document Requests"), in accordance with Bankruptcy Rule 2004; and it appearing that due and sufficient notice of the Application having been given and no further notice need be given; after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application be, and hereby is, granted to the extent set forth herein.

2. The Committee is hereby authorized to immediately serve the Document Requests on the Debtors.

3. Within thirty (30) days of service of the Document Requests on the Debtors (subject to extension by agreement of the parties or order of this Court), the Debtors shall

2

produce to the Committee, in care of their counsel, all documents responsive to the Document Requests, subject to the definitions and instructions contained therein.

    4.    This Court shall retain jurisdiction to resolve any issues with respect to the relief provided by this Order.

Dated: New York, New York
    _____, 2018

    _____
    HONORABLE JAMES L. GARRITY JR.
    UNITED STATES BANKRUPTCY JUDGE